IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:00CR147-MU

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MOHAMAD YOUSSEF HAMMOUD | ) | |
| CHAWKI YOUSEF HAMMOUD | ) | |
| ANGELA GEORGIA TSIOUMAS | ) | |
| _____ | ) | |

  This matter is before the court upon a Petition for Adjudication of Interest under 21 U.S.C. § 853(n), filed by Moussa Hammoud, brother of defendant Mohamad Hammoud. In his Petition, Petitioner requests that the court amend its Preliminary Order of Forfeiture entered in this case and enter an Order restoring to the Petitioner the amount of $68,950.00. Petitioner alleges that this amount represents the proceeds of a loan that he made to his brother, defendant Hammound, which was never repaid. Petitioner does not allege that he has a judgment or has perfected a lien on any asset.

  In response to the Petition, the government has filed a Motion to Dismiss Petition for Lack of Standing and for Failure to State a Claim. After a lengthy extension of time, the Petitioner has filed a response to the government's motion and this matter is now ripe for disposition.

  Following a guilty plea by defendant Tsioumas and a conviction at trial of defendants Chawki Hammoud and Mohamad Hammoud, the court entered a Preliminary Order of Forfeiture which was filed on February 11, 2003. The Order listed thirteen specific assets, including a house located on Donnefield Drive in Charlotte, currency found in the house, nine bank accounts,

1

proceeds from the sale of a gas station, and some prepaid telephone calling cards.

In considering a motion to dismiss a petition filed under 21 U.S.C. § 853(n), the court must assume that the facts set forth in the petition are true. Fed.R. Crim. P. 32.2(c)(1)(A). However, "bare legal conclusions" alleged by the petitioner need not be taken as true in this regard. See Taubman Realty Group v. Mineta, 320 F.3d 475, 479 (4th Cir. 2003).

Under 21 U.S.C. § 853, a claimant must show not only a legal interest in the debtor's property, but must show that this interest exists in the property subject to forfeiture. U.S. v. Reckmeyer, 836 F.2d 200, 205 (4th Cir. 1987), rev'd en banc on other grounds, In re Chaplin & Drysdale, 837 F.2d 637 (4th Cir. 1988), aff'd, Chaplin & Drysdale v. United States . Unsecured creditors often cannot meet the second requirement because they cannot claim an interest in any particular asset that makes up the estate. Id. at 205-206. The Reckmeyer court found that the unsecured creditors in that case did have standing to assert their claims because the order of forfeiture in Reckmeyer stated that it reached all the discovered and undiscovered assets of the defendant. Id. The court found that because the defendant's entire estate had been forfeited to the government, the claimants' interests necessarily had to lie within the estate. Id. Thus, the court concluded that the claimants therein met the threshold qualification for relief because they asserted a legal interest in the property subject to forfeiture. Id. In contrast, when a forfeiture involves only specific items of defendant's property, claimants often cannot prevail because they cannot show that their interests lie in the specific property subject to the forfeiture. U.S. v. Schecter, 251 F.3d 490 496 (4th Cir. 2001).

In this case, the Petitioner is an unsecured creditor. The language of the Preliminary Order of Forfeiture does not include all the discovered and undiscovered assets of Mohamad

Hammoud, as did the forfeiture in <u>Reckmeyer</u>.  Moreover, the Preliminary Order does not include a money judgment against the defendant for a specified amount of criminal proceeds, to be executed against any subsequently-discovered assets as substitute property.  Rather, as noted above, the Order lists thirteen specific assets subject to forfeiture.  Based on the foregoing, the court concludes that the Petitioner has failed to allege a legal interest in the property that is subject to forfeiture under the Preliminary Order.  Accordingly, his Petition should be dismissed.

    IT IS THEREFORE ORDERED that the government's Motion to Dismiss the Petition is hereby GRANTED.

Signed: February 28, 2006

Graham C. Mullen
United States District Judge