UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:00CR147-GCM

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>(1) MOHAMAD YOUSSEF HAMMOUD, )<br>(3) CHAWKI YOUSEF HAMMOUD, )<br>(8) ANGELA GEORGIA TSIOUMAS, )<br>)<br>Defendants. ) | **FIRST FINAL ORDER<br>AND JUDGMENT<br>CONFIRMING FORFEITURE** |

On February 11, 2003, this Court entered a First Preliminary Order of Forfeiture pursuant to 21 U.S.C. §853 and Fed. R. Crim. P. 32(d)(2), based upon the defendant Angela Tsioumas's plea of guilty on Count Thirty-six in the Second Superseding Bill of Indictment and upon the convictions at trial of defendants Mohamad Hammoud and Chawki Hammoud on Count Thirty-Six. As to that Count, the defendants were charged with a violation of 18 U.S.C. § 1956(h).

Counsel for defendants Mohamad Hammoud and Chawki Hammoud previously stated in open court that, in the event of conviction, defendants would not contest forfeiture of the assets identified by the government for forfeiture at trial. Defendants have thus waived all objections to forfeiture of their interest, if any, in the property listed below.

The government's motion sets forth the steps taken to give direct notice to potential third party claimants. On June 18, 2005, a petition under 21 U.S.C. § 853(n) was filed by Moussa Hammoud, brother of Mohamad Hammoud. This Court denied the petition on March 1, 2006 (Dkt. 994). Although petitioner appealed, the Fourth Circuit dismissed the appeal on August 15, 2006.

On March 14, 2009 through April 12, 2009, the United States published via www.forfeiture.gov, notice of this forfeiture and of the intent of the government to dispose of the

forfeited property according to law, and further notifying all third parties of their right to petition the Court within sixty days from March 14, 2009 for a hearing to adjudicate the validity of any alleged legal interest in the property. Because one asset was omitted from the notice, the government again published notice via www.forfeiture.gov as to that asset. It appears from the record that no such petitions have been filed within the time stated in the notice or permitted by law. Based on the record in this case, including defendant Tsioumas's plea of guilty and the evidence presented at trial, as reflected in the government's motion, the Court finds, in accordance with Rule 32.2(c)(2), that the defendants had an interest in the property that is forfeitable under the applicable statute.

As stated in the government's motion, two assets have been deleted in connection with the proposed First Final Order. Accordingly, the First Preliminary Order is also hereby amended to forfeit only the assets listed below.

It is therefore ORDERED:

In accordance with Rule 32.2(c)(2), the First Preliminary Order of Forfeiture, as amended, is confirmed as final. All right, title, and interest in the following property has therefore been forfeited to the United States for disposition according to law: :

| **PROPERTY SUBJECT TO FORFEITURE** |
|---|
| Approximately $16,463.79 in U.S. currency found in 5425 Donnefield Drive, Charlotte, NC |
| Approximately $12,491.41 in Centura Bank account no. XXX XXX 031 3 (account holder Mohamad Hammoud) |
| Approximately $14,190.01 in Centura Bank account no. XXX XXX 015 6 (account holders Mohamad Hammoud and Naame Ahmad Darwiche) |

| |
|---|
| Approximately $1,230.16 in Huntington Bank of Michigan account no. XXXXXX2300 (formerly account no. XXXX5032) in the name of Mohamad Hammoud |
| Approximately $399.48 in Huntington Bank of Michigan account no. XXXXXX9618 (formerly account no. XXXXXX7460) in the name of Mohamad Hammoud |
| Approximately $6,345.79 in Centura Bank account no. XXXXXX0827 (Cedarland Palace) |
| Approximately $12,492.47 in First Charter account no. XXXXXX2328 (M&A Oil) (business operated by defendants and later sold) |
| Approximately $36,433.15 in First Charter account no. XXX0520 (M&A Oil) (see above) |
| Approximately $1,720.39 in First Union account no. XXXXXXXXX0791 (Pierrot N. Sammour) |
| Approximately $98,041.12 in United States funds, representing part of the sale price of a BP station owned by M&A Oil and located in Concord, NC |
| Telephone calling cards valued at approximately $19,550, found at Cedarland Palace |

Signed: November 9, 2010

Graham C. Mullen
United States District Judge